18

**EVANS v. VAN DYKE.**
No. 6625.

Circuit Court of Appeals, Third Circuit.
May 13, 1938.

John H. Bigelow, of Hazelton, Pa., for appellant.

Arthur H. Hull, of Snyder, Hull, Leiby & Metzger, all of Harrisburg, Pa., for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

This case has appealing features. It is the case of an assessment against the stockholders of an insolvent Bank. In 1906 the capital of the Bank became impaired because of the embezzlement of its cashier. The capital of the Bank was then $50,000.00. The stockholders contributed $44,000.00 to repair its capital and the Bank continued business. The capital of the Bank must have been increased as at the time of its final failure, it was $150,-000.00. The Bank was closed in 1934.

The only defense interposed was two fold. First a pro tanto defense in the sum of $44,000.00 paid in 1906 to restore the then impaired capital of the Bank, and second a defense to the whole claim against the Appellant because of the averred agreement of the Comptroller not to levy any assessment against the stockholders if they would subscribe $125,000.-00 to the capital of a new Bank which would assume some of the obligations of the failed Bank. The agreement was carried out by the stockholders and by the new Bank. There was no evidence of the agreement introduced at the trial. There was however an offer of full proof which was rejected by the Trial Judge. We must, because of this, treat the facts of the offered defense as established. The question then becomes whether the payment of the $44,000.00 or the averred agreement of the Comptroller is a defense to the assessment against the stockholders. The assessment is a 100 per cent. assessment. The total liability is limited to $150,000.00.

The defense is that the stockholders have already paid $169,000.00 because of this $150,000.00 liability and should not be called upon to pay $150,000.00 more. The Trial Judge, although sympathetic with the stockholders, gave binding instructions against them. The question now presented is whether the rejection of these defenses was in accordance with law. The defense of the $44,000.00 payment in 1906

is so clearly an inadmissible defense as to call for no discussion. Delano v. Butler, 118 U.S. 634, at page 653, 7 S.Ct. 39, 30 L.Ed. 260; Huff v. Page, 5 Cir., 2 F.2d 544.

We do not have the version of the Comptroller of the averred agreement and because of this withhold comment upon it. We assume the agreement to have been made as averred. The question then becomes wholly one of the lawful authority of the Comptroller to surrender the right of creditors of the Bank to contribution from its stockholders toward the payment of the debts due them. The Act of March 9th, 1933, 12 U.S.C.A. page 462, § 205 et seq., is cited as statutory authority to the Comptroller to forego the liability of the stockholders. We do not so read the Act. All it does is to authorize the Comptroller to end his administration of the affairs of the Bank and to permit the Bank to resume control of its own affairs.

The case of Huff v. Page, supra, is a sufficient authority for the ruling which we now make, that moneys subscribed by the Appellant to the stock of the New Bank were not in relief of their liability for the debts of the old Bank and that the assurance or agreement of the Comptroller otherwise, constitutes no defense to the action brought.

The assignments of error are all overruled, and the judgment of the District Court affirmed, with costs.